# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

No. 18-60080
Summary Calendar

WINDER OSCAR MEJIA-BAUTISTA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 371 987

Before DENNIS, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Winder Oscar Mejia-Bautista, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA and IJ found that Mejia-Bautista was not persecuted on account of his membership in his particular social group, did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60080

have a well-founded fear of future persecution, and was not entitled to withholding of removal. The BIA and IJ also found that there was no evidence Mejia-Bautista would be tortured with the acquiescence of the Honduran government if returned to Honduras.

Mejia-Bautista argues that the BIA and IJ erred in finding that he failed to show that he was persecuted on account of a protected ground and that he has a well-founded fear of future persecution. He contends that gang members attempted to recruit him, threatened him, and physically harmed him. He also argues that he was entitled to withholding of removal and that the BIA and IJ erred in determining that he failed to show that it was more likely than not that he would be subjected to torture if returned to Honduras.

We "review only the BIA's decision, . . . unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

The BIA's and IJ's findings that Mejia-Bautista was not subjected to past persecution on account of a protected ground and did not have a well-founded fear of future persecution in Honduras are supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 518; *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 189, 193-94 (5th Cir. 2004). Because Mejia-Bautista failed to show that he is entitled to relief in the form of asylum, the BIA and IJ correctly determined that he cannot establish

entitlement to withholding of removal, which requires a higher burden of proof. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). The record evidence does not show that it was more likely than not Mejia-Bautista would be tortured if returned to Honduras. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

Accordingly, Mejia-Bautista's petition for review is DENIED.